IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGIA MICHELLE GREGG (BOP Register No. 09223-479), | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:20-cv-1067-G-BN |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Georgia Michelle Gregg, a federal prisoner, incarcerated in this district, filed a *pro se* habeas petition under 28 U.S.C. § 2241, attacking her federal sentence. *See, e.g.,* Dkt. No. 3 at 14 (requesting that she be relieved "of her unconstitutional sentence"). The Court has referred Gregg's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2241 petition for lack of jurisdiction.

Gregg "was charged with two counts of kidnapping, in violation of 18 U.S.C. §§ 1201 and 2. ... [S]he pled guilty to one count of kidnapping pursuant to a plea agreement" and was sentenced "to 108 months, the lowest end of the Guideline range." *United States v. Gregg*, Crim. No. 2:16-27-2(SS) (Civ. No. 2:17-191), 2019 WL 1780087, at *1 (S.D. Tex. Apr. 23, 2019). Gregg did not appeal. *See id.* at *2. And the

sentencing court denied both her initial motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, *see generally id.*, and her second Section 2255 motion, *see Gregg*, Crim. No. 2:16-27-2(SS) (Civ. No. 2:20-79), Dkt. No. 238 (S.D. Tex. Mar. 31, 2020).

She now requests that this Court vacate her criminal judgment under Section 2241, attacking the integrity of the underlying criminal proceedings and the validity of her plea agreement. *See generally* Dkt. No. 3.

> A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court. *Id.* "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

*Lewis v. McConnell*, 783 F. App'x 442, 442 (5th Cir. 2019) (per curiam) (citation modified); *see also Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam) ("A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. [*Tolliver*, 211 F.3d] at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); see also § 2255(e).").

Gregg fails to show why the challenges show now makes under Section 2241

in this district, even if considered successive, cannot be made under Section 2255 in the district where she was convicted and sentenced. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("[A]s [28 U.S.C. § 2255(h)(2)] speaks only to intervening Supreme Court decisions based on constitutional grounds, the provision does not provide any avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute." (citations omitted)); *see, e.g., Karr v. Kallis*, No. 19-cv-1037-JES, 2019 WL 3416653, at *3 (C.D. Ill. July 9, 2019) ("The savings clause is restricted to cases of statutory interpretation because appropriate cases of constitutional interpretation can be brought in second or successive § 2255 motions under § 2255(h)(2)."); *see also Brown v. Caraway*, 719 F.3d 583, 597 (7th Cir. 2013) ("A motion under § 2255 could reasonably be thought 'inadequate or ineffective to test the legality of [the prisoner's] detention' if a class of argument were categorically excluded, but when an argument is permissible but fails on the merits there is no problem with the adequacy of § 2255.").

As established in *Reyes-Requena*, to successfully invoke the savings clause in this circuit, a petitioner "must show that his claims are 'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense' and were 'foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion.'" *Robinson*, 812 F.3d at 477 (quoting *Reyes-Requena*, 243 F.3d at 904; citing *Jeffers*, 253 F.3d at 830-31). But Gregg fails to identify a retroactively applicable

Supreme Court decision.

And, absent the savings clause, the Court is without jurisdiction to consider her Section 2241 petition attacking her underlying conviction and sentence. *See, e.g., Carter v. Blackmon,* 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

- 5 -

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE